IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES MEYER, JONELLE PROCOPE, MICHAEL RAPINO, KRISTINA SALEN, CARL VOGEL, JENNIFER WITZ, and DAVID ZASLAV, | § § § § § § | No. 191, 2026 Court Below—Court of Chancery of the State of Delaware |
| Defendants Below, Appellants, | § § § § § | C.A. No. 2024-1057 |
| v. | § § | |
| VLADIMIR FISHEL, KAPITALFORENINGEN SAMPENSION INVEST, GLOBALT AKTIEINDEKS, and KAPITALFORENINGEN SAMPENSION INVEST, GLOBALT AKTIEINDEKS ENHANCED, | § § § § § § § § § § | |
| Plaintiffs Below, Appellees. | § § § | |

Submitted: May 12, 2026
Decided: July 1, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

After consideration of the notice of appeal from an interlocutory order and the exhibits, it appears to the Court that:

(1)     Defendant Liberty Media Corporation controlled SiriusXM Holdings Inc.  The stockholder plaintiffs-appellees challenged transactions by which Sirius

became an independent company with no controlling stockholder. The transactions also eliminated the tracking stock that was tied to Liberty's Sirius holdings. Before the transactions, the tracking stock traded below the value of the underlying assets. Eliminating the tracking stock removed that discount, allegedly creating a multi-billion-dollar benefit for Liberty alone.

(2)     Liberty and certain members of the Sirius board (the "Liberty Defendants") answered the complaint. Other directors moved to dismiss. The directors who moved to dismiss fall into two categories: the members of a two-person special committee that negotiated and recommended the transactions (the "Committee Defendants") and the remaining directors (the "Non-Committee Defendants"). The Court of Chancery granted the Committee Defendants' motion to dismiss and denied the Non-Committee Defendants' motion.[1] The Non-Committee Defendants seek interlocutory review of that decision.

(3)     The Non-Committee Defendants argued that the plaintiffs did not plead a non-exculpated claim against them as required by *In re Cornerstone Therapeutics Inc., Stockholder Litigation*.[2] In *Cornerstone*, this Court held that "plaintiffs must plead a non-exculpated claim for breach of fiduciary against an independent director protected by an exculpatory charter provision, or that director will be entitled to be

---

[1] *Fishel v. Liberty Media Corp.*, 2026 WL 982224 (Del. Ch. Apr. 13, 2026).
[2] 115 A.3d 1173 (Del. 2015).

dismissed from the suit."[3]  Therefore, "[w]hen a director is protected by an exculpatory charter provision, a plaintiff can survive a motion to dismiss by that director defendant by pleading facts supporting a rational inference that the director harbored self-interest adverse to the stockholders' interests, acted to advance the self-interest of an interested party from whom they could not be presumed to act independently, or acted in bad faith."[4]

(4)    For purposes of the motion to dismiss at issue here, the Non-Committee Defendants conceded that they lacked independence from the Liberty Defendants and voted in favor of the challenged transactions.  But they argued that their vote for the challenged transactions was insufficient to satisfy *Cornerstone*'s requirement that they "acted to advance" Liberty's self-interest.  The Court of Chancery disagreed, concluding that a director's vote in favor of a transaction "unquestionably advances the transaction" and thus satisfies *Cornerstone*'s "action element" at the pleading stage.[5]  Because the complaint alleged that the Non-Committee Directors lacked independence from Liberty and voted to approve the transactions, the court held that the complaint stated a non-exculpated claim against them sufficient to survive a motion to dismiss.[6]

---

[3] *Id.* at 1179.
[4] *Id.* at 1179-80.
[5] *Fishel*, 2026 WL 982224, at *8, 10.
[6] *See id.* at *10 ("Voting alone is enough to support the action element of *Cornerstone* at the pleading stage. Plaintiffs have alleged the Non-Committee Defendants lack independence from

3

(5)     The Non-Committee Defendants filed an application for certification of an interlocutory appeal, and the plaintiffs opposed.  The Court of Chancery declined to certify.[7]  The court determined that the opinion decided a substantial issue of material importance under Supreme Court Rule 42(b)(i) because it resolved a merits-based motion to dismiss, but the court concluded that interlocutory review is not warranted.  As to the Rule 42(b)(iii) considerations, the court observed that there is some "divergence among trial court decisions on what a plaintiff must plead to satisfy the action element of *Cornerstone*"—as discussed in the court's opinion denying the motion to dismiss—and therefore determined that the application satisfied Rule 42(b)(iii)(B).[8]  But the court rejected the Non-Committee Defendants' contention that Rule 42(b)(iii)(H)[9] supported certification because interlocutory review would save the time and expense of further litigation.  The court emphasized that the claims against the Liberty Defendants will proceed and, accordingly, all the defendants would likely remain involved for discovery purposes, regardless of the outcome of an interlocutory appeal.  The court therefore concluded that the

Liberty and that each voted for the Transactions. That is enough to state a non-exculpated claim as to each of the Non-Committee Defendants.").

[7] *Fishel v. Liberty Media Corp.*, 2026 WL 1283690 (Del. Ch. May 11, 2026).

[8] *See* Del. Supr. Ct. R. 42(b)(iii)(B) (providing that the court deciding whether to certify an interlocutory appeal shall consider whether the "decisions of the trial courts are conflicting upon the question of law" at issue).

[9] *See id.* R. 42(b)(iii)(H) (providing that the court deciding whether to certify an interlocutory appeal shall consider whether the "[r]eview of the interlocutory order may serve considerations of justice").

downsides of an interlocutory appeal—including disruption to the normal procession of litigation, a piecemeal approach to suits, delay, and expense to the parties and the judicial system—outweighed any benefit.[10]

(6)    In the exercise of our discretion,[11] and giving great weight to the trial court's view, we conclude that the interlocutory appeal should be refused. The litigation will continue, with the Non-Committee Defendants' involvement, regardless of the outcome of an interlocutory appeal. This case does not present exceptional circumstances warranting interlocutory review,[12] and the potential benefits do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[10] *See* R. 42(b)(iii) ("After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal.").

[11] *Id.* R. 42(d)(v).

[12] *Id.* R. 42(b)(ii).